## Federal National Mortgage Association v. USA

*Stuart Burd,* for plaintiff.
*Virginia Powel,* for United States of America.
*Beverly Diego,* for Jacksons.

GAFNI, *J.,* November 4, 1982—On August 17, 1982, plaintiff Federal National Mortgage Association (FNMA) filed a complaint in foreclosure (complaint) against defendant United States of America U.S. Attorney for the Eastern District of Pennsylvania and defendants Willie B. Jackson and Bernice Jackson (Jacksons). The Jacksons filed preliminary objections to the complaint alleging that FNMA has failed to comply with various provisions of Act 6 of 1974 (Act)[1] and, specifically, with sections 403(c)(5) and 406(2) thereof.

## I. FACTS

Pursuant to section 403 of the Act (section 403), on January 13, 1982, FNMA sent a notice of intention to foreclose and accelerate the balance of a loan given by FNMA to the Jacksons and secured by a mortgage on the Jacksons' home. The Jacksons contend in their preliminary objections that the no-

---

1. 41 P.S. §§101 et seq.

tice is deficient under Section 403(c)(5) because it states that plaintiff may follow "any" of several causes of action, including acceleration of the debt, foreclosure proceedings and ejectment and suit for the unpaid balance, without indicating that these actions can be taken only in the proper sequence and that foreclosure and suit for the unpaid balance are alternative actions. Further, the Jacksons allege that by stating that these actions may occur without further notice to them, the notice is deficient because they must receive notice of any lawsuit started against them.

Section 403 provides in pertinent part,

"(a) Before any residential mortgage lender may accelerate the maturity of any residential mortgage obligation, commence any legal action including mortgage foreclosure to recover under such obligation, or take possession of any security of the residential mortgage debtor for such residential mortgage obligation, such person shall give the residential mortgage debtor notice of such intention at least thirty days in advance as provided in this section.

• • •

(c) The written notice shall clearly and conspicuously state:

• • •

(5) the method or methods by which the debtor's ownership or possession of the real estate may be terminated."

The notice at issue provides in pertinent parts:

"4. If we do not receive the required payments (and you do not fully perform as required above) within thirty-five (35) days after the date of this notice, we may without any further notice to you, do any of the following:

A. We may accelerate the maturity date of the mortgage and declare the full amount of the unpaid principal balance of the mortgage, which is now $9,186.61, and all other sums due under the mortgage to be immediately due and payable. This means that unless you cure the default in accordance with this notice, you would immediately owe to us the full sum of $9,186.61, plus accrued interest and other sums that may then be due.

B. We may begin legal proceeding to foreclose the mortgage, in which the sheriff may sell your house.

C. We may take possession of all or any part of your property as and when permitted by law."

Section 403 requires a notice of intent to foreclose to inform the debtor in simple language that the lender considers the mortgagor in default and that the lender intends to foreclose on the mortgage, accelerate the maturity of the mortgage obligation or take possession of the property, unless the mortgagor cures the default within at least 30 days from the notice date. The purpose of Act 6 is to make clear to the mortgagor in the notice that his failure to cure the default will result in pursuit by the mortgagee of one of these three remedies available to him.

The notice at issue substantially complies with Section 403 and the purpose of Act 6 by notifying the Jacksons that if they fail to cure the default, FNMA will pursue one of its three available actions. Contrary to the Jacksons' claims, a mortgagee is not required to indicate the sequence in which the actions available to a mortgagee must be taken or that the actions are alternative ones. The act only requires that the "method or methods by which the debtor's ownership or possession of the real estate

may be terminated" be set forth. The notice accomplishes this.

The Jacksons also contend that the complaint is deficient under Section 406(2) because it sets forth a flat rate of five percent of the principal debt as attorney's fees that are recoverable pursuant to foreclosure without indicating whether such fees were actually incurred. Section 406(2) provides:

"With regard to residential mortgages, no residential mortgage lender shall contract for or receive attorney's fees from a residential mortgage debtor except as follows:

• • •

(2) Upon commencement of foreclosure or other legal action with respect to a residential mortgage, attorney's fees which are reasonable and actually incurred by the residential mortgage lender may be charged to the residential mortgage debtor."

It is apparent to this court, as it would be to any mortgagor, that the attorney's fee of five percent of the principal debt ($9,186.61) for a total fee of $459.33 is not unreasonable.[2] Similarly, given the duties necessarily incumbent on plaintiff's attorney in these matters, it is apparent that the attorney's fee of $459.33 was actually incurred.

For the foregoing reasons, defendants' preliminary objections are denied. An appropriate order will be entered.

## ORDER

And now, this November 4, 1982, upon consideration of plaintiff's answers to defendant's prelimi-

---

2. In other cases where the principal debt exceeds the amount in this case, the attorney's fee expressed as five percent of such amount may very well be unreasonable; accordingly, mortgagees may wish to consider whether the language relating to attorney's fees should be amended.

nary objections and the memoranda in support thereof and in opposition thereto, it is hereby ordered and decreed that defendant's preliminary objections are overruled and it is further ordered that defendant shall file its answer to plaintiff's complaint within 20 days of date hereof.